# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DEMETRIUS CALVIN, Plaintiff, v. Z. SCHAUER, Officer, #169, in his individual and official capacity, S. HENDRON, Sgt., in his individual and official capacity, Z. VASSAR, Officer, in his individual and official capacity, and TOWN OF DYER POLICE DEPARTMENT, Defendants. | CAUSE NO.: 2:23-CV-230-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Counts III-V of the Complaint [ECF No. 6], filed on July 12, 2023. The Plaintiff has not responded, and the time to do so has passed. For the reasons set forth below, the Court grants the Motion.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## BACKGROUND

On March 5, 2023, Plaintiff Demetrius Calvin filed a Complaint [ECF No. 2] in the Lake County Superior Court against Defendants Z. Schauer, S. Hendron, Z. Vassar, and the Town of Dyer Police Department. The Complaint alleges that on March 6, 2021, the Plaintiff was traveling to pick up his daughter from a restaurant in Dyer, Indiana, when Defendant Schauer attempted to pull him over without legal justification. After the Plaintiff safely pulled into the parking lot of "Pop's Restaurant," Defendants Schauer, Hendron, and Vassar approached the Plaintiff's vehicle with guns drawn. The Plaintiff was ordered out of his vehicle and immediately arrested. During the arrest, Defendants Schauer, Hendron, and/or Vassar slammed the Plaintiff against the Plaintiff's vehicle. Defendants Schauer, Hendron, and/or Vassar then violently grabbed the Plaintiff's arm, pulling it behind his back, and shoved the Plaintiff's hands toward his upper back. The Plaintiff was then placed in hand restraints and transported to the Lake County Jail. The Complaint alleges that as a result of the Defendants' actions, the Plaintiff sustained physical and emotional injuries.

The Complaint claims, pursuant to 42 U.S.C. § 1983, that the Defendants violated the Plaintiffs' rights under the United States Constitution. Counts I–IV are brought only against Defendants Schauer, Hendron, and Vassar. Count I claims that Defendants Schauer, Hendron, and Vassar subjected the Plaintiff to an unreasonable search and seizure in violation of the Fourth Amendment; Count II claims excessive force; Count III is a state law battery claim; Count IV is a state law claim for intentional infliction of emotional distress. Count V is a state law respondeat superior claim brought against Defendant Town of Dyer Police Department.

On July 5, 2023, the Defendants filed a Notice of Removal [ECF No. 1], removing the case to this Court because the Court has federal question jurisdiction over the Plaintiff's constitutional claims. *See* 28 U.S.C. §§ 1331, 1441(a). On July 12, 2023, the Defendants filed the instant Motion to Dismiss. The Defendants argue the Court should dismiss the Plaintiff's state law claims (Counts III–V) because the Plaintiff did not comply with the Indiana Tort Claims Act's ("ITCA") 180-day notice requirement. *See* Ind. Code § 34-13-3-8.

## ANALYSIS

The ITCA provides that "a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission created under IC 27-1-29; within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a); *see Townsend v. Wilson*, 652 F. App'x 449, 454 (7th Cir. 2016) ("The Indiana Tort Claims Act requires that notice under that statute be given within 180 days of a loss attributable to a municipality or the municipality's employees acting within the scope of their employment." (citing Ind. Code § 34-3-3-8(a) and *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012))). "The notice requirement is intended to ensure that government entities have the opportunity to investigate the incident giving rise to the claim and prepare a defense." *Murphy v. Ind. State Univ.*, 153 N.E.3d 311, 317 (Ind. Ct. App. 2020) (internal quotation marks and citation omitted).

The Court of Appeals of Indiana has explained that "compliance with the notice provisions of the ITCA is a condition precedent to filing a tort suit against a qualifying political subdivision." *Weaver v. Elkhart Cmty. Sch. Corp.*, 95 N.E.3d 97, 101 (Ind. Ct. App. 2018) (citing *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999)). "Once a defendant raises the failure to comply with the ITCA, 'the burden shifts to the plaintiff to prove compliance . . . .'" *Id.* (quoting *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999)). Further, "failure to comply with the ITCA's notice requirements requires dismissal." *Id.; see Stone v. Wright*, 133 N.E.3d 210, 216–17 (Ind. Ct. App. 2019) ("A claimant's failure to provide the notices required by ITCA entitles the State or political subdivision to a dismissal." (citing *Ind. Dep't of Corr. v. Hulen*, 582 N.E.2d 380 (Ind. 1991))).

Here, the Plaintiff alleges in his Complaint that the events at issue occurred on March 6, 2021. To comply with the ITCA notice provisions, the Plaintiff would have had to notify the Defendants of his claim within 180 days of March 6, 2021, or by September 2, 2021. However, with their instant Motion, the Defendants attached a letter from the Plaintiff to the Defendants titled, "Notice of Tort Claim," dated September 7, 2021. ECF No. 6-2. The Defendants thus argue that the Plaintiff failed to comply with the ITCA's 180-day notice requirement.

Once the Defendants raised this defense, the burden shifted to the Plaintiff to prove compliance, *see Weaver*, 95 N.E.3d at 101, and the Plaintiff did not respond. The Defendants are thus entitled to dismissal of the state law claims brought against them, Counts III–V of the Complaint, because the Plaintiff has not satisfied the ITCA's notice provisions. *See Stone*, 133 N.E.3d at 217.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Defendants' Motion to Dismiss Counts III-V of the Complaint [ECF No. 6]. The Court DISMISSES Counts III and IV against Defendants Z. Schauer, S. Hendron, and Z. Vassar, and Count V against Defendant Town of Dyer Police Department. Having resolved the claim against it, the Court DISMISSES

Defendant Town of Dyer Police Department. The case remains pending as to Counts I and II against Defendants Z. Schauer, S. Hendron, and Z. Vassar.

SO ORDERED on November 29, 2023.

                                              s/ Theresa L. Springmann  
                                             JUDGE THERESA L. SPRINGMANN  
                                             UNITED STATES DISTRICT COURT